UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC<br><br>Plaintiff,<br><br>v.<br><br>SANDRA L. RODERICK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 1:20-cv-00392-JAW<br>)<br>)<br>)<br>)<br>)<br>) |

**Stipulated Judgment of Foreclosure by Sale**
**Title to Real Estate is Involved**

**92 Plymouth Road, Carmel, County of Penobscot, State of Maine, 04419**
**Mortgage recorded in Penobscot County Registry of Deeds in Book 11912, Page 093**

By stipulation of the parties, the Court finds as follows:

1. That the parties have received notice of the proceedings in this action, and that the notice was given in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

2. That venue is properly laid in this Court.

3. That Carrington Mortgage Services, LLC ("*Plaintiff*") is entitled to judgment as a matter of law.

4. That Defendant Sandra L. Roderick ("*Defendant*") is in breach of the terms of a certain promissory note held by Plaintiff dated July 24, 2009, (the "Note"), with such breach constituting a default by the Defendant, and upon such default, proper notice of default was sent to the Defendant.

5. That the default of the Note caused a breach of the Mortgage.

6. That Plaintiff is the mortgagee of record of a mortgage securing the Note and recorded in the Penobscot County Registry of Deeds in Book 11912, Page 093 ("*Mortgage*"). The Mortgage encumbers real estate located at 92 Plymouth Road, Carmel, Maine 04419 ("*Property*"). The legal description of the Property is incorporated herein by reference and attached hereto as Exhibit A.

7. That as of May 22, 2021, the following amounts are owed to Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---|
| a. Principal Balance | $194,261.00 |
| b. Accrued Interest (with a per diem of $13.306) | $81,464.33 |
| c. Property Inspection/Preservation | $20,233.49 |
| d. Escrow Advances | $39,517.59 |
| e. Attorneys' fees and costs through 4/23/21 | $9,652.22 |
| **TOTAL** | **$345,128.63** |

Plaintiff is entitled to add any post-judgment attorney's fees and disbursements in connection with the foreclosure. Plaintiff is also entitled to add any additional amounts advanced by Plaintiff regarding its mortgage security.

8. That the order of priorities and amount of the claims of the parties who have appeared in this action for distribution from the proceeds of sale, after payment of expenses of sale, in this case are as follows:

   a. Plaintiff in the amount of **$345,128.63** plus accrued interest from and including May 23, 2021 at the rate of 4.25% interest per annum, $13.306 per day, to the date of judgment plus interest after judgment at a rate of 6.09% plus further legal fees and expenses incurred by Plaintiff as described in Paragraph 7 above, plus any amounts advanced by Plaintiff related to its mortgage security, including but not limited to insurance premiums and real estate taxes;

   b. Clerk of the Court: any excess proceeds from sale, pursuant to 14 M.R.S.A. § 6324.

9. That the names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

   Carrington Mortgage Services, LLC
   c/o Brett L. Messinger
   DUANE MORRIS LLP
   30 South 17th Street
   Philadelphia, PA 19103
   *Plaintiff*

   Sandra L Roderick
   567 Moosehead Trail
   Dixmont, ME 04932
   *Defendant*

10. That Plaintiff's claim for attorney fees is not integral to the relief sought, within the meaning of F.R.Civ.P. 54.

11. That Defendant has not answered in this action or requested mediation.

12. That there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for Attorney's fees and disbursements and additional amounts advanced by Plaintiff related to its mortgage security incurred by Plaintiff after the date of this Judgment, for the following reasons:

   a. If judgment is granted but not entered as final, the time periods set forth in 14 M.R.S.A §§ 6322 and 6323 will commence even though the judgment is subject to later revision;

   b. The Plaintiff and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

   c. Any dispute regarding post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security may be resolved by the Defendants filing a motion contesting Plaintiff's Report of Public Sale as provided in 14 M.R.S.A. § 6324.

**WHEREFORE**, it is hereby Ordered and Decreed:

A. That Plaintiff (through its agents or attorneys) shall proceed with a sale of the Property described in the Mortgage, pursuant to 14 M.R.S.A. §§ 6321-6324, free and clear of all liens, except liens senior to Plaintiff's Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the amounts, manner, and priority set forth in Paragraph 8 above;

B. That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to Rule 54, except as to any additional post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security;

C. That Plaintiff shall be entitled, at its option, to take exclusive possession of the Property described in Plaintiff's Mortgage, and the Clerk shall issue a Writ of Possession at the request of Plaintiff;

D. That an execution shall issue against Defendant for any deficiency, provided the requirements are met, but that no deficiency shall issue against any Defendant who has received a discharge in bankruptcy for this debt , nor shall a deficiency issue against anyone who did not actually execute a promissory note or other document creating an obligation to pay;

E. That Plaintiff is entitled, at its option, to have a receiver appointed to collect the rents of the Property pursuant to the Mortgage;

F.  That Plaintiff shall specify Attorney's fees and disbursements incurred after the date of judgment in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys' disbursements, notwithstanding the requirements of F.R.Civ.P. 54(d)(2)(B) to file such application within fourteen (14) days after judgment; Defendant may contest the Report and application for additional Attorney's fees and disbursements by filing a motion pursuant to 14 M.R.S.A. §6324; and

G.  That Defendant waives the applicable appeal period, and therefore the Clerk shall execute an appropriate certification that Defendant waived the applicable appeal period, and Plaintiff shall then record the said certification and a copy of this Judgment in the Penobscot County Registry of Deeds and pay the recording fees therefore, in compliance with 14 M.R.S.A. § 2401(3), such fees and costs so incurred by Plaintiff to be added to and become part of the mortgage indebtedness secured by the Mortgage.

Dated this 4th day of May, 2021

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

**BY STIPULATION OF THE PARTIES:**

Carrington Mortgage Services, LLC              Sandra L. Roderick


/s/ Elizabeth M. Lacombe                       /s/ Sandra L. Roderick
By: Elizabeth M. Lacombe   4/30/21             By: Sandra L. Roderick   4-30-21